UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
LEROY WILLIAMS EL-BEY,            )
                                            )
                  Plaintiff,   )   No. C07-1920RSL
     v.                       )
                                          )   ORDER OF REMAND
_____,              )
                  Defendant.   )
_____)

        The above-captioned matter was recently removed by plaintiff from state court. The underlying matter was initiated through a document entitled "Notice of Acceptance, Standing, and Status; Request for Remedy; Request for Waiver." Dkt. # 5. No defendant was identified on the initial pleading, although Chris Williams, an Assistant Attorney General for the State of Washington, is identified as the defendant in subsequent filings.[1] The relief requested in the initial pleading includes a demand for certified copies of certain documents, the dismissal of unidentified charges, and the return of plaintiff's children to his custody.

        Generally, a defendant in state court has the right to remove the case to federal court if the case could have been filed originally in federal court (*i.e.,* on federal diversity or

---

[1] In a document submitted to this Court on March 31, 2008, plaintiff identifies four other individuals as defendants and mentions "RICO Title 18 Section: 1001." Removal jurisdiction is evaluated based on the "well-pleaded complaint," however, so this late-March submission is irrelevant to the issues before the Court.

ORDER OF REMAND

federal question grounds).  See 28 U.S.C. § 1441(a).  There is no provision allowing a plaintiff who has chosen to commence an action in state court to later remove it to federal court:  the right of removal is vested exclusively in defendants.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 106-07 (1941).   Even if the removal procedure had been properly followed, there is no indication that federal jurisdiction exists.  The operative pleading does not identify a defendant, much less establish diversity of citizenship and/or the amount in controversy.  Nor does it appear that plaintiff's complaint raises a federal question.  Because the removal statutes are strictly construed against removal, these ambiguities must be resolved in favor of remanding the case to state court.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

There being no basis for the exercise of federal jurisdiction, this matter is hereby remanded to the Superior Court of Washington in and for the County of King.

Dated this 8th day of April, 2008.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF REMAND                -2-